IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| DERRICK NESBITT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 420-148 |
| | ) |
| TIMOTHY C. WARD, Commissioner, | ) |
| Georgia Department of Corrections, | ) |
| | ) |
| Respondent. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The above-captioned case, filed pursuant to 28 U.S.C. § 2254, is before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court **REPORTS** and **RECOMMENDS** the § 2254 petition be **DISMISSED** and this civil action be **CLOSED**.

**I.    BACKGROUND**

On September 12, 2006, a Chatham County Superior Court jury convicted Petitioner of armed robbery, possession of a firearm during the commission of a felony, possession of a firearm by a convicted felon, and giving a false name. (Doc. no. 1, p. 1); Nesbitt v. State, 673 S.E.2d 652 (Ga. Ct. App. 2009). The trial court sentenced Petitioner on September 28, 2006, to life in prison for armed robbery with a parole eligibility date of August 23, 2019, five years for possession of a firearm during a felony, five years for possession of a firearm by a convicted felon, and one year for giving a false name. (Doc. no. 1, p. 1.) The Georgia Court of Appeals

affirmed the judgment of conviction on February 17, 2009. Nestbitt, 673 S.E.2d at 657. Petitioner does not report filing any additional direct appeal proceedings for his criminal conviction. (Doc. no. 1, p. 3.)

Petitioner filed a state petition for a writ of habeas corpus in the Superior Court of Telfair County on April 14, 2011, alleging ineffective assistance of counsel. The Superior Court denied the petition on October 31, 2012, and the Georgia Supreme Court denied a certificate of probable cause to appeal on May 20, 2013. (Doc. no. 1, pp. 3-4.) Petitioner then filed a § 2254 petition with this Court on June 12, 2013, which U.S. District Judge B. Avant Edenfield dismissed as untimely. See Nesbitt v. Danforth, CV 413-141, 2014 WL 297680, at *1 (S.D. Ga. Jan. 27, 2014).

In late 2019, Petitioner was denied parole and filed a petition for a writ of mandamus with the Superior Court of Jenkins County shortly after. (See doc. no. 1, p. 6.) The Superior Court denied his petition on June 12, 2020. (Id.) Petitioner filed the instant § 2254 petition on July 7, 2020, arguing multiple grounds for relief based on the denial of parole. (See generally doc. no. 1.)

Petitioner states he appealed the denial of the writ of mandamus to the United States District Court for the Southern District of Georgia, Statesboro Division, which appears to refer to the present action. (Id. at 6.) In fact, Petitioner filed an appeal with the Georgia Supreme Court on June 25, 2020, which was still pending when he filed the instant § 2254 petition. See Nesbitt v. Adams, Case No. S20O1421 (Ga. June 25, 2020), *available at* https://www.gasupreme.us (follow "Docket" hyperlink; then search "Nesbitt" and follow case hyperlink, last visited Feb. 22 2022; Attach. 1); see also United States v. Jones, 29 F.3d 1549,

1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation). The Georgia Supreme Court denied the petition on August 10, 2020. (Attach. 1.)

## II.     DISCUSSION

### A.     The Exhaustion Requirement

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214, and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." Turner v. Crosby, 339 F.3d 1247, 1281 (11th Cir. 2003) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003). The exhaustion requirement applies with equal force to all constitutional claims. See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342,

3

1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992). "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'" Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).

"Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (*per curiam*) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)). However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal. See Powell v. Allen, 602 F.3d 1263, 1269 (11th Cir. 2010) (*per curiam*); Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982).

Relevant here, "[u]nder Georgia law, a petitioner has only one avenue to challenge the parole board's decision—by a petition for a writ of mandamus against the parole board." Stewart v. Georgia Bd. of Pardons & Parole, No. 1:08-CV-2966-WSD-ECS, 2008 WL 4816677, at *3 (N.D. Ga. Oct. 31, 2008). Further, "a petitioner may appeal the denial of a petition for a writ of mandamus to the Supreme Court of Georgia." Robinson v. Berry, No. 419-CV-209-CDL-MSH, 2021 WL 2404366, at *4 (M.D. Ga. Feb. 5, 2021), *adopted by* 2021 WL 2403449 (M.D. Ga. June 11, 2021); see Ray v. Barber, 548 S.E.2d 283, 283-84 (Ga. 2001) (describing appeals process for mandamus action against state parole board). Only upon completion of state court review may Petitioner file in federal court. See Jackson v. Walker, 206 F. App'x 967, 968 (11th Cir. 2006).

    B.    **Petitioner Failed to Exhaust State Remedies**

While Petitioner did first petition for a writ of mandamus in Superior Court and

4

subsequently filed an appeal with the Georgia Supreme Court, the appeal was still pending when Petitioner filed the instant action. As explained, Georgia case law is clear that an inmate may challenge denial of parole by petitioning for a writ of mandamus, and, if necessary, appealing an unfavorable decision to the Georgia Supreme Court. See Johnson v. Griffin, 522 S.E.2d 657, 658 (Ga. 1999); Barber 548 S.E.2d at 284. Petitioner was required to wait until the conclusion of the state court process – i.e., the resolution of the appeal with the Georgia Supreme Court – before filing his federal petition.

Generally, as a matter of comity, the state courts must be afforded a fair opportunity to hear claims raised in a habeas corpus petition challenging custody resulting from a state court judgment. Picard v. Connor, 404 U.S. 270, 275 (1971). However, "[c]omity does not require that the federal courts decline to exercise jurisdiction in the face of allegations that the state courts have been presented with the merits of a claim for habeas corpus relief and have, for one reason or another, refused or been unable to act upon the claim." St. Jules v. Beto, 462 F.2d 1365, 1366 (5th Cir. 1972).[1]

Here, there is no indication of unreasonable delay or a refusal to address a claim such that this Court should disregard the exhaustion requirement. At the time the petition was signed, Petitioner's appeal to the Georgia Supreme Court had been pending for only two weeks. As described above, the state courts must be given an opportunity to consider Petitioner's claims. There is no indication of unreasonable delay or a refusal to address a claim such that this Court should disregard the exhaustion requirement.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

In sum, Petitioner has not exhausted by giving the state courts "an opportunity to act on his claims *before* he presents those claims to a federal court in a habeas petition," and this petition should be dismissed without prejudice. O'Sullivan, 526 U.S. at 842 (emphasis added).

### B. Leave to Appeal *In Forma Pauperis*

The Court should deny Petitioner leave to appeal IFP *in forma pauperis* ("IFP") and a Certificate of Appealability ("COA"). An appeal cannot be taken IFP if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. See 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A). Thus, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith, and the Court should **DENY** Petitioner leave to appeal IFP. See 28 U.S.C. § 1915(a)(3).

Further, a prisoner seeking relief under § 2254 must obtain a COA before appealing the denial of his application for a writ of habeas corpus. The Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. The Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth above, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court should **DENY** a COA in this case.[2]

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be

---

[2]"If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.

6

**DISMISSED** without prejudice and this civil action be **CLOSED**. The Court further **RECOMMENDS** Petitioner be **DENIED** leave to appeal IFP and a COA.

SO REPORTED and RECOMMENDED this 1st day of March, 2022, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA